IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

COUNTRY GOLD, INC., )
 )
        Plaintiff, )
 )
vs. ) Case No. CIV-14-1398-D
 )
STATE AUTO PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
*et al.*, )
 )
        Defendants. )

**O R D E R**

Before the Court is the Defendant State Auto Property and Casualty Insurance Company's Motion for Partial Dismissal [Doc. No. 6-1], which was filed in state court and was fully briefed at the time of removal.[1] Now that the case is in federal court, the Motion is governed by Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 81(c)(1).

Plaintiff's state-court pleading asserts the following claims under Oklahoma law: breach of contract; "bad faith" for violating the Unfair Claims Settlement Practices Act, Okla. Stat. tit. 36, §§ 1250.1-1250.16; breach of fiduciary duty; negligence in the procurement of insurance; constructive fraud and negligent misrepresentation; negligent underwriting; violation of the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, §§ 751-764.1; and breach of a common law duty of good faith and fair dealing. All claims relate to a business owner's insurance policy issued by Defendant, a covered loss

---

[1] Plaintiff voluntarily dismissed a second defendant prior to removal.

resulting from a storm in May 2013, and allegations that Defendant failed to compensate Plaintiff fully for damage to the insured property. The case was timely removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a).

By the Motion, Defendant requests a dismissal of all claims except the ones for breach of contract and breach of the common law duty of good faith and fair dealing. Plaintiff timely opposed the Motion with respect to all claims except the claim regarding alleged violations of the Unfair Claims Settlement Practices Act. Because Plaintiff states it agrees to the dismissal of this claim, the Motion will be granted in this respect without further discussion, and the Court addresses only the remaining claims.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to

relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Allegations**

Plaintiff alleges that it entered into an insurance contract with Defendant to provide coverage for real and personal property located in Garfield County, Oklahoma. Plaintiff states that it purchased the insurance policy from an agent of Defendant who was familiar with Plaintiff and had previously served its commercial insurance needs. Plaintiff alleges that it relied on the agent's advice to purchase replacement cost coverage and relied on the agent to procure the replacement cost coverage Plaintiff requested. Defendant allegedly issued a business owner's policy to Plaintiff, and represented that it would conduct itself in accordance with Oklahoma law and would fully investigate and pay any claims. On May 31, 2013, the insured property allegedly sustained severe damage as a result of a wind and hail storm. Plaintiff alleges that a timely claim was submitted and Defendant confirmed the loss was covered by the policy. Additional allegations made in support of particular claims will be set forth in the discussion that follows.

**Discussion**

**A.     Breach of Fiduciary Duty**

Plaintiff asserts in its pleading that Defendant breached a fiduciary duty owed to Plaintiff as a result of a special relationship arising from "the unequal bargaining power between Plaintiff and [Defendant], the quasi-public nature of insurance, and the potential for

[Defendant] to unscrupulously exploit that power at a time when Plaintiff was most vulnerable." *See* Petition [Doc. No. 1-1], ¶ 33. Plaintiff also alleges that Defendant's specialized knowledge regarding the terms and conditions of the insurance policy created a special relationship and a fiduciary duty. *Id*. ¶ 36.

Defendant contends that Plaintiff has not alleged facts that would show the existence of a fiduciary relationship between them, and that Oklahoma law has not recognized a fiduciary relationship between an insurer and an insured. Defendant relies on *Swickey v. Silvey Cos.*, 979 P.2d 266 (Okla. Civ. App. 1999); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013); and *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988).

Plaintiff responds by arguing that a fiduciary relationship "can arise anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person," quoting *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994) (applying Oklahoma law, internal quotation omitted). In particular, Plaintiff contends a fiduciary relationship may exist where there is "overmastering influence" on one side or "dependency or trust, justifiably reposed" on the other, quoting *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 198-99 (Okla. Civ. App. 1999). Plaintiff also attempts to distinguish *Swickey* and *Cosper* as limited to the facts presented in those cases.

Plaintiff's legal authorities are inapposite under the factual allegations of its pleading. As to Defendant, Plaintiff alleges only unequal bargaining power, an insurer's specialized knowledge, and a potential for exploitation. In *Quinlan*, the Tenth Circuit opined that

4

Oklahoma law "would recognize a fiduciary duty arising out of a commercial contract if the transaction involved facts and circumstances indicative of the imposition of trust and confidence, rather than facts and circumstances indicative of an arms length commercial contract." *Quinlan*, 25 F.3d at 942. Plaintiff's pleading contains conclusory allegations of undue influence of Defendant's agent and dependency and trust by Plaintiff. However, Plaintiff pleads no facts from which to infer that a corporation seeking commercial insurance coverage from an insurance agent offering such coverage was engaged in anything other than an arms length transaction. Accordingly, the Court finds that Plaintiff's pleading fails to state a plausible claim against Defendant for breach of fiduciary duty.

**B.     Negligence**

Plaintiff claims Defendant's agent was negligent in procuring the insurance policy that covered the loss. Plaintiff alleges it was advised by the agent to purchase more expensive replacement cost coverage and it followed this advice, but the policy "did not serve to actually replace its business and personal property when it was damaged or destroyed by a covered loss" and "did not accurately reflect the replacement cost of Plaintiff's [property]." *See* Petition [Doc. No. 1-1], ¶ 48(a)-(b). Plaintiff also alleges that the agent "fail[ed] to inform Plaintiff of the limitations of the insurance policy" and "fail[ed] to review the policy . . . to ensure it provided appropriate and adequate coverage." *Id*. ¶¶ 48(c)-49. Plaintiff allegedly relied on the agent "to procure and maintain appropriate and adequate coverage"

and the agent's alleged failure to do so "unnecessarily expose[d] Plaintiff to significant harm, losses, and damages." *Id*. ¶¶ 51-52.

Plaintiff also included in its petition a separate negligence claim alleging that Defendant failed to use reasonable care and skill in conducting an underwriting analysis for the policy and making annual adjustments of the coverage limits. *Id*. ¶¶ 72, 75. This conduct allegedly resulted in the issuance or renewal of a policy "that did not provide appropriate and adequate coverage to Plaintiff." *Id*. ¶ 82. Plaintiff complains in this claim of a failure to use reasonable care and skill in "calculating the replacement cost of Plaintiff's business and/or personal property" and a "negligent failure to procure the proper insurance product." *Id*. ¶¶ 53, 58. This claim appears to largely duplicate the negligent procurement claim.

Upon consideration, the Court finds Defendant's position that these allegations do not support a negligence claim is sound. Plaintiff presents no legal authority that would support a negligence claim under Oklahoma law consistent with the allegations of its pleading.

Plaintiff relies on Oklahoma authority, *DeWees v. Cedarbaum*, 381 P.2d 830, 837 (Okla. 1963), which recognized that an insurance agent may be held liable for negligence under certain circumstances. Plaintiff also relies on *Swickey*, in which the Oklahoma Court of Civil Appeals expressly held that an insurance agent has a duty to exercise reasonable care in performing tasks such as procuring an insurance policy and making necessary corrections or adjustments after the policy is issued. However, *Swickey* does not support the negligence claims asserted in this case.

The facts of *Swickey* involved an agent's failure to obtain an insurance policy requested by a prospective insured; it did not involve an allegation that the agent failed to procure an "adequate" policy. The Oklahoma Court of Civil Appeals has expressly declined to extend *Swickey* to impose a duty to procure a policy that "provide[s] an 'adequate amount' of coverage." *See Cosper*, 309 P.3d at 149; *see also Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003). The appeals court has also determined that Oklahoma should follow "the majority of other jurisdictions [that] have rejected the concept that insurance companies or their agents have a duty to advise an insured with respect to his insurance needs." *See Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002); *see also Rotan*, 83 P.3d at 895. Therefore, there is no legal basis for Plaintiff's negligence claim based on an alleged failure of Defendant's agent to properly advise Plaintiff regarding its insurance needs or to procure a policy that provided an adequate amount of replacement cost coverage. Similarly, Plaintiff provides no legal authority that would support the negligent underwriting theory asserted. Therefore, the Court finds that Plaintiff cannot establish a negligence claim consistent with its pleading.

C.  **Constructive Fraud and Negligent Misrepresentation**

Plaintiff claims that it was misled and induced to accept and purchase the business owner's policy by "misrepresentations and constructive fraud" of Defendant's agent. *See* Petition [Doc. No. 1-1], ¶¶ 64-65. Plaintiff alleges that the agent misrepresented: a) that the coverage provided by the policy "was truly one of 'replacement'"; b) that the amount of

coverage 'was equal to the estimated replacement cost of Plaintiff's property"; c) that the amount of coverage "would provide the coverage necessary for Plaintiff to replace their [sic] property in the event it was destroyed by a covered event;" and d) that "the property would be restored to its pre-loss condition in the event of a covered loss." *Id*. ¶ 58.

Defendant contends these allegations fail to state a claim of constructive fraud, which requires a breach of a legal duty. *See* Okla. Stat. tit. 15, § 59. Defendant argues that the matters allegedly misrepresented by the agent did not breach any duty owed to Plaintiff. *See Cosper*, 309 P.3d at 149-50; *see also Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988). Defendant also contends Plaintiff could not reasonably have relied on any misrepresentations about the policy because they received a copy of it. *See Liverpool & L. & G. Ins. Co. v. T. M. Richardson Lumber Co.*, 69 P. 936 (Okla. 1902) ("An applicant for insurance, who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect. It is the duty of the assured to read and know the contents of the policy before he accepts it . . . .") (syllabus by the court).

Plaintiff provides no effective response to these arguments. Plaintiff argues generally that Defendant owed a duty to exercise reasonable skill and diligence in procuring the insurance Plaintiff requested and that an insurance agent should be held accountable for misrepresenting the terms or limits of an insurance policy. As stated above, the Court finds Plaintiff's arguments regarding the duties of an insurance company or insurance agent to be unpersuasive in light of Oklahoma case law. Also, Plaintiff fails to address the requirement

8

of reasonable reliance. According to the Oklahoma Supreme Court, "[e]stoppel, constructive fraud, and negligent misrepresentation all require that a party rely to that party's detriment on the actions or words of the other party." *Schulte v. Apache Corp.*, 949 P.2d 291, 296 (Okla. 1995).

For these reasons, the Court finds that Plaintiff has failed to allege sufficient facts to support a plausible claim that Defendant is liable for constructive fraud based on negligent misrepresentations of its agent. Therefore, Defendant is entitled to dismissal of this claim.

**D.      Oklahoma Consumer Protection Act**

Defendant contends that an insurer cannot be held liable under the OCPA because insurance is a regulated industry under control of the Oklahoma Insurance Commissioner, and OCPA expressly exempts "transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under the statutory authority of this state." *See* Okla. Stat. tit. 15, § 754(2). In response, Plaintiff admits that Defendant is regulated by the Department of Insurance, but argues that the specific conduct alleged in its pleading is not regulated by the Oklahoma Insurance Code or the Insurance Commissioner.

Upon consideration of the allegations of Plaintiff's pleading in support of an OCPA claim, the Court finds that the alleged conduct by Defendant involves representations regarding the insurance agreement, disclosures of information when the policy was sold, and unconscionable conduct of "accepting insurance premiums but refusing without reasonable

9

basis to pay benefits due and owing." *See* Petition [Doc. No. 1-1], ¶ 88. The regulatory authority of the Insurance Commissioner under the Oklahoma Insurance Code, Okla. Stat. tit. 36, §§ 101-7301, expressly encompasses the conduct of insurers in the marketing and sale of insurance policies, disclosures of information, and the adjustment of claims. Further, the Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance." *See id*. § 307. Therefore, accepting Plaintiff's position that the particular conduct at issue must fall within the authority of the Insurance Commissioner, the Court finds that Plaintiff's claim falls within the OCPA exception for regulated transactions.

Further, the Court is persuaded by the conclusion of the Oklahoma Court of Civil Appeals that the exemption of § 754(2) applies when an OCPA claim rests on "an insurer's activity in the business of insurance." *See Conatzer v. Am. Mercury Ins. Co*., 15 P.3d 1252, 1255 (Okla. Civ. App. 2000). Federal courts called to consider the exemption have agreed. *See Childs v. Unified Life Ins. Co.*, 781 F. Supp. 2d 1240, 1250 (N.D. Okla. 2011); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008).

For these reasons, the Court finds that Defendant is entitled to dismissal of Plaintiff's OCPA claim as a matter of law.

**Conclusion**

Assessing Plaintiff's pleading under the applicable Rule 12(b)(6) standard, the Court finds that all claims asserted against Defendant – other than Plaintiff's claims for breach of

contract and breach of the insurer's common law duty of good faith and fair dealing – should be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, as shown by the Notice of Pending Motions [Doc. No. 6-1], is GRANTED. The case shall proceed on Plaintiff's claims against Defendant State Auto Property and Casualty Insurance Company for breach of contract and insurer's bad faith. All other claims are dismissed.[2]

IT IS SO ORDERED this 2nd day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Because Plaintiff did not ask to amend its pleading if the petition was found to be deficient, no opportunity to amend will be granted at this time. *See Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave."). A deadline for motions to file amended pleadings will be set by the Court's scheduling order.